UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOM HEANEY | * | CIVIL ACTION |
| VERSUS | * | |
| CHRISTOPHER L. ROBERTS, THE PARISH OF JEFFERSON, RONALD BLACK AND THE CITY OF GRETNA | * * | NUMBER: SECTION: |

\*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

The complaint of Tom Heaney, a person of the full age of majority who is domiciled in the State of Louisiana, with respect avers the following:

1.

This action arises under the Constitution of the United States, particularly the 1st, 4th and 14th Amendments, and 42 U.S.C. §1983 as hereinafter more fully appears. The jurisdiction of this court is founded on 28 U.S.C. §1331. The supplemental jurisdiction of this court is invoked for claims arising under the laws of the State of Louisiana.

2.

The defendants herein are:

A)   Christopher L. Roberts, a resident of the Eastern District of Louisiana sued in his

        individual capacity who at all times pertinent herein was acting under color of state law and in the course and scope of his employment as a parish council member for the Parish of Jefferson;

B) the Parish of Jefferson, a political subdivision of the State of Louisiana;

C) Ronald Black, a resident of the Eastern District of Louisiana sued in his individual capacity who at all times pertinent herein was acting under color of state law and in the course and scope of his employment as a police officer with the City of Gretna; and

D) the City of Gretna, a municipal corporation organized and existing pursuant to the laws of the State of Louisiana.

3.

On September 18, 2013, plaintiff, Tom Heaney, attended the regularly scheduled Jefferson Parish Council Meeting held in the General Government Building in Gretna, Louisiana. Pursuant to Council rules, plaintiff registered with the Parish Clerk to speak on the subject of the propriety and legality of council members accepting campaign contributions from contractors who had applied for and had received no bid contracts from the Council. Per Council rules, persons who registered to speak were given five minutes to address the council on the designated topic.

4.

During the public comment time of the Council meeting for which plaintiff had registered to speak and prior to plaintiff speaking, three members of the Jefferson Parish Citizens for Good Government group, namely Betty Purcell, Margie Seemann and Margaret Baird, spoke on the

same topic. These concerned citizens expressed the opinion that, while it was not illegal or unethical for council members to accept campaign contributions from contractors who had applied for and has received no bid contracts from the Council, the practice did not serve the interest of good government. As Ms. Seemann was speaking she was interrupted by defendant Roberts, who was acting as the chair of the meeting. When Ms. Seemann objected to being interrupted, defendant Roberts assured her that the Council would "hold" her time, i.e., not count the time during which he was speaking against her five minute allotment.

5.

When plaintiff was recognized to speak, he advised the Council that he "politely" disagreed with the representatives of Jefferson Parish Citizens for Good Government as to the legality of council members accepting campaign contributions from contractors who had applied for and had received no bid contracts from the Council. Plaintiff expressed his view that federal law was applicable because the money being spent came from federal block grants. Plaintiff further explained that federal law made the practice illegal, citing specific provisions related to block grants.

6.

While plaintiff was speaking and having used only three minutes of his time, defendant Roberts interrupted, asking if plaintiff would yield the floor. Plaintiff graciously agreed, understanding that he would receive the balance of his time as Ms. Seemann had.

7.

Defendant Roberts then turned the floor over to Parish Attorney Foshee, who expressed her opinion that the Council's actions were legal. After Ms. Foshee finished speaking, plaintiff

politely asked if he could use the remainder of his time.  In response to plaintiff's request "May I have my time back?", defendant Roberts said "Yes, how much time do we have?".  (Roberts presumably directed this inquiry to the timekeeper.)

8.

In a calm voice, plaintiff then stated that he would "challenge Ms. Foshee, because under the federal statutes..." indicating his disagreement with Foshee's opinion.  Defendant Roberts rudely interrupted plaintiff, falsely stating that he (Roberts) still had the floor.  Robert's then mischaracterized plaintiff's polite disagreement as "berating" Ms. Foshee when plaintiff had not raised his voice, had not used inappropriate language and was merely disagreeing with her opinion.  Roberts then continued to prevent plaintiff from speaking and ultimately ordered defendant Black to remove plaintiff from Council chambers.

9.

In ordering defendant Black to remove plaintiff, defendant Roberts falsely proclaimed that plaintiff had become "hostile."  In fact, plaintiff had done nothing that any reasonable person would consider hostile or in any way disruptive of the Council meeting.  Rather, it was defendant Roberts who escalated plaintiff's simple attempt to exercise his First Amendment rights into an unnecessary confrontation.

10.

As defendant Black was forcing plaintiff from the Council chambers, he shoved plaintiff forward, causing plaintiff to fall to the floor.  Defendant Black fell on top of plaintiff. Black then seized plaintiff and forcibly ejected him from the chambers and ultimately the building.

11.

Plaintiff suffered serious physical injuries as the result of being pushed to the floor and having Black land on top of him.

12.

Defendants Roberts' and Black's actions are in violation of the 1st and 14th Amendments to the United States Constitution in that they prevented plaintiff from his exercise of his First Amendment rights.  Additionally, defendants Roberts' and Black's actions were in violation of plaintiff's rights under the 4th Amendment to the United States Constitution in that Black unlawfully seized plaintiff based upon Roberts' direct orders.  For these reasons, defendants Roberts and Black are answerable to plaintiff for damages and attorney's fees pursuant to 42 U.S.C. §1983 and §1988.  The actions of defendants Roberts and Black also violated plaintiff's freedom of expression protected by Article 1, Section 7 of the Louisiana Constitution, rendering them liable under Louisiana law.  Defendant Black is also answerable under Louisiana law for false arrest, battery and negligence.

13.

Defendants Roberts and Black are further liable to plaintiff for punitive damages as their actions were performed maliciously, wantonly and in reckless and callous disregard of plaintiff's constitutional rights.

14.

The actions of defendant Roberts render the Parish of Jefferson liable as well under the theory of respondeat superior for plaintiff's claims under Louisiana law, since defendant Roberts was at all time acting in the course and scope of his employment.  The actions of defendant Black

render the City of Gretna liable as well under the theory of respondeat superior for plaintiff's claims under Louisiana law, since defendant Black was at all time acting in the course and scope of his employment.

15.

Plaintiff prays for a trial by jury.

WHEREFORE, plaintiff prays that after all due process there be judgment in his favor and against each and all defendants jointly, severally and solidarily in an amount deemed reasonable by the trier of fact, plus costs, attorneys fees and interest, and all other equitable relief.

Respectfully submitted,

| | |
|---|---|
| \s\ Brett J. Prendergast | \s\ Michael G. Riehlmann |
| Brett J. Prendergast, 17755 (T.A.) | Michael G. Riehlmann #02072 |
| 4603 S. Carrollton Avenue | 4603 S. Carrollton Avenue |
| New Orleans, Louisiana 70119 | New Orleans, La. 70119 |
| Telephone: (504) 593-9277 | 504-482-2142 |
| Fax: (504) 523-2362 | |
| brett_p_1999@yahoo.com | |