UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOM HEANEY                                                   CIVIL ACTION

VERSUS                                                       NO: 14-2104

CHRISTOPHER L. ROBERTS, ET AL.                               SECTION: "A" (2)

## ORDER

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 6)** filed by defendants Ronald Black and the City of Gretna. Plaintiff Tom Heaney opposes the motion. The motion, noticed for submission on November 19, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

Plaintiff Tom Heaney has filed this complaint pursuant to 42 U.S.C. § 1983 and state law. Heaney contends that the defendants violated his constitutional rights during a Jefferson Parish Council meeting. The defendants are Councilman Christopher L. Roberts, the Parish of Jefferson, police officer Ronald Black, and the City of Gretna.

Heaney alleges that he attended the regularly scheduled Jefferson Parish Council meeting on September 18, 2013, which was held in Gretna, Louisiana. (Rec. Doc. 1, Complaint ¶ 3). Heaney was registered to speak that night during the time allotted for public comment. Per council rules, Heaney was allotted five minutes to speak. (*Id.* at 3). Heaney expressed his opinion on the legality of certain campaign contributions by no-bid contractors and he contends that having used only three minutes of his time, Roberts asked him to yield the floor so that the Parish Attorney could opine on the issue. (Complaint ¶¶ 6-7). Heaney

asked that he be allowed the full balance of his remaining time allotment, and Roberts confirmed that he would receive it. (*Id.*).

When Heaney began speaking again he challenged the Parish Attorney's position, which he contends was done in a "calm" voice, using no inappropriate language. (Complaint ¶ 8). Heaney alleges that it was at this point that Roberts "rudely" interrupted him, and mischaracterized his "polite" disagreement as "berrating" the parish attorney. (*Id.*). Roberts then had defendant Ronald Black, a police officer with the City of Gretna, remove Heaney from the council chambers. (*Id.*). Heaney contends that Black shoved him to the floor and then fell on top of him before forcibly removing him from the building. (*Id.* ¶ 10).

Heaney filed the instant complaint on September 12, 2014. Heaney contends that Roberts and Black violated his First Amendment rights by preventing him from speaking, and his Fourth Amendment rights by unlawfully seizing him. (Complaint ¶ 12). Heaney seeks damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, and punitive damages. Original jurisdiction is therefore grounded on 28 U.S.C. § 1331 (federal question).

Heaney also asserts claims under state law against Roberts and Black. Both defendants are sued for violations of the Louisiana Constitution, Article 1, § 7. Heaney alleges that Black is also liable in tort. (Complaint ¶ 12). For these state law claims, Heaney joined Jefferson Parish and the City of Gretna, alleged to be the employers of Roberts and Black. (*Id.* ¶ 2). Heaney contends that Jefferson Parish is vicariously liable for the conduct of Roberts and that the City of Gretna is vicariously liable for the conduct of Black. (*Id.* 14).

Via the instant motion, Black and the City of Gretna now move pursuant to Rule 12(b)(6) to dismiss Heaney's complaint.[1]

## II. DISCUSSION

---

[1] Roberts and Jefferson Parish have filed their own motion to dismiss but that motion is not noticed for submission until January 14, 2015, on the briefs. (Rec. Doc. 7).

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Defendants' first contention is that Heaney fails to state a claim against Black in his official capacity because the pleading requirements of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), are not satisfied. (Rec. Doc. 6-1, Defendants' Memo at 8). The Complaint specifically states that Black is being sued in his *individual* capacity and makes no reference to an official capacity claim. (Rec. Doc. 1, Complaint ¶ 2(C)). In his opposition, Heaney confirms that he is not suing Black in his official capacity. (Rec. Doc. 9, Opposition at 2). Hence, Defendants' contentions regarding

3

official capacity claims under § 1983 are not pertinent to this case.

Defendants contend that if Heaney is not making an official capacity claim against Black then the claims against the City of Gretna must be dismissed. Defendants are clearly confusing an official capacity claim under federal law with a course and scope of employment claim under state law. These two types of claims are distinct and unrelated. This contention lacks merit.

Defendants contend that the Court lacks subject matter jurisdiction over the state law claims against the City of Gretna because these claims are based on state law. Defendants are confusing the concepts of original and supplemental jurisdiction. The Court does lack original jurisdiction over the claims against the City of Gretna but the supplemental statute, 28 U.S.C. § 1367, clearly vests the Court with supplemental jurisdiction over the state law claims.[2] This contention lacks merit.

Defendants contend that Heaney's complaint is deficient under the pleading principles of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This contention lacks merit. Defendants' arguments fail to recognize that the Court must accept Heaney's factual allegations as true at this juncture. If Heaney's allegations are true, then he has stated a claim for relief under the First and Fourth Amendments. Whether Heaney's allegations are in fact truthful, and whether any of his constitutional rights were actually violated in light of Defendants' side of the story are not questions appropriate for a Rule 12(b)(6) motion.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6)**

---

[2] The district court case that Defendants rely upon, *Barton v. Gulf States Entertainment*, 655 F. Supp. 782 (M.D. La. 1987), was decided before Congress enacted the supplemental jurisdiction statute.

**(Rec. Doc. 6)** filed by defendants Ronald Black and the City of Gretna is **DENIED**.

December 10, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE