UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOM HEANEY					CIVIL ACTION

VERSUS						NO: 14-2104

CHRISTOPHER L. ROBERTS, ET AL.		SECTION: "A" (2)

### ORDER

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim (Rec. Doc. 7)** filed by defendants Christopher L. Roberts and the Parish of Jefferson. Plaintiff Tom Heaney opposes the motion. The motion, noticed for submission on January 14, 2015, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

### I. BACKGROUND

Plaintiff Tom Heaney has filed this complaint pursuant to 42 U.S.C. § 1983 and state law. Heaney contends that the defendants violated his constitutional rights during a Jefferson Parish Council meeting. The defendants are Councilman Christopher L. Roberts, the Parish of Jefferson, police officer Ronald Black, and the City of Gretna.

Heaney alleges that he attended the regularly scheduled Jefferson Parish Council meeting on September 18, 2013, which was held in Gretna, Louisiana. (Rec. Doc. 1, Complaint ¶ 3). Heaney was registered to speak that night during the time allotted for public comment. Per council rules, Heaney was allotted five minutes to speak. (*Id.* at 3). Heaney expressed his opinion on the legality of certain campaign contributions by no-bid contractors and he contends that having used only three minutes of his time, Roberts asked him to yield the floor so that the Parish Attorney could opine on the issue. (Complaint ¶¶ 6-7). Heaney

1

asked that he be allowed the full balance of his remaining time allotment, and Roberts confirmed that he would receive it. (*Id.*).

When Heaney began speaking again he challenged the Parish Attorney's position, which he contends was done in a "calm" voice, using no inappropriate language. (Complaint ¶ 8). Heaney alleges that it was at this point that Roberts "rudely" interrupted him, and mischaracterized his "polite" disagreement as "berrating" the parish attorney. (*Id.*). Roberts then had defendant Ronald Black, a police officer with the City of Gretna, remove Heaney from the council chambers. (*Id.*). Heaney contends that Black shoved him to the floor and then fell on top of him before forcibly removing him from the building. (*Id.* ¶ 10).

Heaney filed the instant complaint on September 12, 2014. Heaney contends that Roberts and Black violated his First Amendment rights by preventing him from speaking, and his Fourth Amendment rights by unlawfully seizing him. (Complaint ¶ 12). Heaney seeks damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, and punitive damages. Original jurisdiction is therefore grounded on 28 U.S.C. § 1331 (federal question).

Heaney also asserts claims under state law against Roberts and Black. Both defendants are sued for violations of the Louisiana Constitution, Article 1, § 7. Heaney alleges that Black is also liable in tort. (Complaint ¶ 12). For these state law claims, Heaney joined Jefferson Parish and the City of Gretna, alleged to be the employers of Roberts and Black. (*Id.* ¶ 2). Heaney contends that Jefferson Parish is vicariously liable for the conduct of Roberts and that the City of Gretna is vicariously liable for the conduct of Black. (*Id.* 14).

Via the instant motion, Roberts and Jefferson Parish now move pursuant to Rule 12(b)(6) to dismiss Heaney's complaint.

## II.   DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in

the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

At this juncture the Court's focus is only on those claims that vest the Court with original jurisdiction, *i.e.*, the federal claims. The Court pretermits consideration of the supplemental state law claims at this time. For the reasons given when the Court denied Ronald Black's motion to dismiss (Rec. Doc. 16), all of Movants' Rule 12(b)(6) for failure to state a claim challenges are denied.

Roberts argues that he is entitled to qualified immunity. A defendant can raise the defense of qualified immunity via a Rule 12(b)(6) motion but given that the case is still at the pleading stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for

3

the qualified immunity analysis. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). In other words, as with any other Rule 12(b)(6) motion, the Court accepts the plaintiff's well-pleaded factual allegations as true. The defendant cannot prevail on his qualified immunity defense at the pleading stage if the pleadings on their face show an unreasonable violation of a clearly established constitutional right. *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000), *overruled on other grounds, McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002)). The defense of qualified immunity employs a two-step analysis: 1) viewing the evidence (allegations) in the light most favorable to the plaintiff, did the defendant violate the plaintiff's constitutional rights?; and 2) were the defendant's actions objectively reasonable in light of clearly established law at the time of the conduct in question? *Cantrell v. City of Murphy*, 666 F.3d 911, 922 (5th Cir. 2012) (quoting *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007)).

The crux of Heaney's allegations is that Roberts cut Plaintiff's speaking time at the meeting in order to prevent him from continuing to opine on the legality of campaign contributions to council members from no-bid contractors. (Complaint ¶¶ 5, 8). Accepting this contention as true, this would suggest a content-based restriction on speech protected by the First Amendment, not a neutral rule of procedure designed to keep order at council meetings. Clearly established law would prohibit such a content-based restriction. Defendants incorrectly frame the "clearly established law" for purposes of the qualified immunity analysis as whether First Amendment rights are violated if an arrest is otherwise supported by probable cause (Rec. Doc. 7-1, Memo at 18). See *Reichle v. Howards*, 132 S. Ct. 2088 (2012). Defendants err because at the pleading stage Heaney's factual allegations are taken as true, and accepting his factual allegations as true, probable cause for his arrest cannot be established on the face of his complaint.

In sum, Defendants' Rule 12(b)(6) motion is denied. The Court emphasizes that the

instant motion, like Black's motion, cannot succeed at the pleading stage because Defendants' contentions in support of those motions are based on a rendition of the facts that contradicts the factual allegations in Plaintiff's complaint, allegations that the Court must accept as true at this juncture.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim (Rec. Doc. 7)** filed by defendants Christopher L. Roberts and the Parish of Jefferson is **DENIED**.

January 29, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Movants direct the Court's attention to an internet video of the council meeting at issue, a video that they contend supports their version of events. (Rec. Doc. 7-1, Memo at 7 n.21). That video constitutes evidence outside the pleadings that the Court cannot consider in resolving a Rule 12(b)(6) motion. Nonetheless, the Court did attempt to view the video to determine whether it might be appropriate to convert Defendants' motion to dismiss into one for summary judgment. The Court was unable to view the video on the Parish's website, and the Court will not parse through the video of an entire council meeting in an attempt to locate the brief footage that Defendants want the Court to view. The Court would suggest that if any party at some later stage of this case moves for relief that would require the Court to consider the video recording of the encounter with Heaney, that party must submit the video to the Court as an exhibit on either a computer CD or other appropriate medium, with a courtesy copy provided to opposing counsel.